BRESLER *v.* DELRAY REAL ESTATE & INVESTMENT
ASS'N.

CONSTITUTIONAL LAW—STATUTES—AMENDMENTS—SCOPE.

> On a bill by the administrators, with the will annexed, for the specific performance of a land contract, it appeared that authority to make said contract was claimed under section 9078, 3 Comp. Laws; that said section was an amendment to section 6025, 2 How. Stat., and was entitled "An act to amend section one * * * being section 6025, 2 How. Stat., relative to the sale of lands for the payment of debts by executors, administrators, and guardians;" that said section as amended provided that "whenever it shall be made to appear to the probate court that it is necessary for the preservation of the estate, or to prevent a sacrifice thereof, or for the best interest of all concerned therein," the administrators may sell said estate for that purpose upon obtaining a license therefor. *Held*, that, under section 20, article 4, of the Constitution, the provisions of the act were broader than its title and were void, and complainants were not authorized to make the contract sought to be enforced.

Appeal from Wayne; Donovan, J. Submitted October 6, 1908. (Docket No. 156.) Decided March 16, 1909.

Bill by Eva Cramer Bresler and William E. Metzger, administrators with the will annexed of the estate of Joseph M. Bresler, deceased, against the Delray Real Estate & Investment Association for the specific performance of a land contract. From a decree for complainants, defendant appeals. Reversed, and bill dismissed.

*Beaumont, Smith & Harris*, for complainant.

*Israel T. Cowles*, for defendant.

MCALVAY, J. The bill of complaint in this case was

filed to specifically enforce a certain contract for the sale of certain real estate situated in the city of Detroit belonging to the estate of complainants' decedent. The following statement of facts proved in the case was stipulated:

"The parties hereto, by their solicitors, have agreed upon the following as a statement of what was proved at the hearing in the court below. This statement is made in pursuance of section 3, Act 340, Pub. Acts 1907.

"Statement.

"Complainants are administrators with the will annexed of the estate of Joseph M. Bresler, deceased. The petitioner Eva Cramer Bresler is the widow, sole heir at law, and sole legatee, of deceased. Deceased died seised of the real estate described in the bill of complaint, which is vacant and unproductive. Nearly one-half of this land is swamp. The taxes thereon, including special assessments, have averaged $1,000 per annum for the past four years, and are increasing. A heavy assessment for sewers is likely to be soon made. The estate of Joseph M. Bresler has no income to pay these taxes or assessments. They have been paid out of the principal of the estate. On May 2, 1908, complainants agreed in writing to sell this real estate to defendant, and defendant agreed to purchase it at a price favorable and advantageous to the estate, and for the full and fair value of the land. It is unquestionably necessary for the preservation of the estate, and in order to prevent a sacrifice of it, and it is for the best interest of all concerned in the estate that this land be sold.

"After making the agreement of May 2, 1908, hereinbefore referred to, complainants began proceedings in the probate court, under the provisions of chapter 243 of the Compiled Laws of Michigan of 1897, and the amendatory acts, to obtain a license from the probate court of Wayne county authorizing them to make a private sale of said real estate to defendant. The petition set forth that the sale was necessary for the preservation of the estate and to prevent a sacrifice of it, and was for the best interest of all concerned therein. A license was duly made by the probate court, after a hearing on June 23, 1908, ordering complainants, and licensing them to sell the real estate to defendant at private sale, according to the terms of the

agreement of May 2, 1908.   All of the steps and proceedings leading up to the making of this order and the issuing of this license were in due form, and were duly taken and had, as required by law, and complainants have filed with the probate court the bond and oath required by law before a sale in such cases.   Complainants have procured a quitclaim deed from K. C. Robinson for the tax titles, as required by said agreement of May 2, 1908.   They have also furnished the Burton abstract of title brought down to date, as required by said agreement.   The complainant Eva Cramer Bresler has also executed and tendered a full warranty deed, signed by herself, as required by said agreement.   Complainants have made a due and proper tender of everything that they have agreed to do under said agreement to sell, and have offered to report said sale to the probate court as required by statute, and to obtain the confirmation thereof by said probate judge.   The defendant is willing and anxious to carry out and complete the sale as agreed, and admits that complainants have complied with all of the conditions of said written agreement of sale, except that it fears that they cannot give a good marketable title for the reason following:   The estate of Charles E. Bresler, deceased, presented a claim against the estate of Joseph M. Bresler. This claim was heard by the commissioners on claims and was disallowed.   From this disallowance the estate of Charles E. Bresler has appealed to the circuit court of Wayne county, and this appeal is still pending and undetermined.   Defendant fears that if it buys the land in question under said probate court proceedings, the sale will be made subject to the lien or claim of said Charles E. Bresler estate:

"The following admission was read into the record at the trial in the court below:   It is admitted that this is a friendly suit to determine whether the proposed sale of real estate by complainants to defendant, to be made under license of the probate court of Wayne county, shall, when consummated, vest in the defendant the entire right, title, interest, and estate of said estate of Joseph M. Bresler, deceased, free and clear of any lien, charge, or incumbrance arising from any claim or indebtedness that may now or hereafter be proved against said estate by any creditor thereof, or by any creditor of Joseph M. Bresler, and especially free and clear of the lien existing; or that may exist, because of an alleged claim of the estate of Charles E. Bresler, deceased."

As appears from the foregoing statement, the determination of the question in the case depends upon the regularity and validity of the legislation which is invoked as a basis for a sale of these premises according to agreement. This is admittedly a friendly suit. It cannot be said to be in any sense a contest. Defendant desires to buy this land for $23,970, but desires that the court confirm his title in advance. Both parties proceed upon the theory that the sale may legally be made, for the purpose specified, under chapter 243, 3 Comp. Laws, § 9078, without in any way questioning the regularity or validity of the sections relied upon. Under the circumstances the court must examine this statute, because if we accept without investigation the view of the parties to this suit as our view of this legislation, we might later find that we had erred in our decision of the case. Chapter 243, 3 Comp. Laws, is entitled: "Sale or pledge of lands of deceased persons to pay debts." The subtitle is: "Of the sale of lands for the payment of debts by executors, administrators and guardians."

The first statutory provision for the sale of real estate for the payment of debts enacted in Michigan was the act of January 31, 1809, 2 Terr. Laws, p. 25, § 49, entitled: "An act for the probate of wills, and the settlement of testate and intestate estates." This section provided:

"That when the personal estate of any person deceased shall not be sufficient to answer the just debts which the deceased owed, and legacies given, the judge of probate is empowered to license and authorize the executors or administrators of such estate to sell so much of the real estate of the deceased as will satisfy the just debts which the deceased owed at the time of his death, and legacies bequeathed by his last will and testament."

The statute then provided for the application to the probate court to sell for the purposes mentioned. This section with slight amendments continued in force, and, as revised and re-enacted, appears in 1 Rev. Stat. 1838, p. 311, pt. 2, tit. 5, chap. 1, § 1, entitled: "Of title to real

property by special provisions of law." Chapter 1 is entitled: "Of the sale of lands for the payment of debts by executors, administrators and guardians;" the only material changes in the section above quoted at length being the omission of the words "and legacies given," and the insertion of the words "with the charges of administering his estate." Through the following compilations this section remained without change under the same entitling to the chapter: Rev. Stat. 1846, chap. 77, § 1; 2 Comp. Laws 1857, chap. 101, § 1; 2 Comp. Laws 1871, chap. 163, § 1; 2 How. Stat. § 6025, chap. 229, § 1. By Act No. 121, Pub. Acts 1897, entitled: "An act to amend section one of chapter 163, 2 Comp. Laws 1871, being section 6025 of Howell's Annotated Statutes, relative to the sale of lands for the payment of debts by executors, administrators and guardians," the section under discussion was amended to read as follows:

"Section 1. When the personal estate of any deceased person in the hands of his executor or administrator shall be insufficient to pay all his debts, with the charges of administering his estate, *or whenever it shall be made to appear to the probate court that it is necessary for the preservation of the estate, or to prevent a sacrifice thereof, or for the best interest of all concerned therein*, his executor or administrator may sell his real estate for that purpose upon obtaining a license therefor," etc.

This is the statute now in force, and under which the sale in the case at bar is sought to be made. The italicized lines show the amendment of 1897.

It is clear that the matter introduced by this amendment comes within the prohibition of section 20, art. 4, of the Constitution then in force.

"No law shall embrace more than one object which shall be expressed in its title."

The amendment is inconsistent with, and outside of the purpose indicated by, the title of the original act as revised and re-enacted, and introduces matter outside of, and inconsistent with, the entitling of the amendatory act itself.

There is nothing in this title to notify the members of the legislature, or other citizens, of the intent to give authority to sell real estate of decedents except for the payment of debts and expenses of administration. This latter provision was enacted before the adoption of the Constitution of 1850. The entire history of this legislation has been presented to show the settled policy of the State upon the subject-matter, and to emphasize the variance between the body of the amendatory act and its title. The question involved has been before the court so often, and the rule laid down is so familiar, that the citation of authorities is not necessary. Reference is had to 1 Comp. Laws, p. 81. No valid sale of this land could be made for the purpose of preserving the estate, or for any other purpose than the payment of debts and expenses of administration.

Complainant was not entitled to the specific enforcement of the contract in question. The decree of the circuit court is reversed, and a decree will be entered dismissing the bill of complaint, with costs of both courts to defendant.

BLAIR, C. J., and GRANT, MONTGOMERY, and OSTRANDER, JJ., concurred.